Johnathan W. Anderson
CONRADI ANDERSON, PLLC
307 Spokane Avenue, Suite 102
Whitefish, Montana 59937
Phone: (406)863-9681
E-Mail:     janderson@conradianderson.com

J. David Mayberry (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th St NW, Suite 900
Washington, DC 20005-2018
Phone: (202) 508-5800
E-mail:    dmayberry@kilpatricktownsend.com

James W. Faris Jr. (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Phone: (404) 815-6500
E-mail:    jfaris@kilpatricktownsend.com

*Attorneys for Plaintiff Two Men and a Truck/International, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| TWO MEN AND A TRUCK/INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN ARCEL, individually and d/b/a "2 GUYS & A TRUCK," <br><br> Defendant. | Civil Action No. 9:17-cv-00141-DWM <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT** |

Plaintiff Two Men and a Truck/International, Inc. ("Plaintiff") and

Defendant Kevin Arcel, individually and doing business as "2 Guys & a Truck"

TMIT v. Arcel Consent Motion to Approve and Enter Final Judgment
and Permanent Injunction on Consent Exhibit A - Final Judgment
and Permanent Injunction

("Defendant") have reached an agreement in settlement of this dispute between them and have consented to the entry of Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of fact and conclusions of law, which the Court hereby adopts for purposes of entry of this Consent Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff is a Michigan corporation having a principal place of business at 3400 Belle Chase Way, Lansing, Michigan 48911.

2. Plaintiff, the largest franchised local moving company in the United States, is a nationwide franchisor engaged in licensing the use of its TWO MEN AND A TRUCK service mark and moving-services operating system. Presently, there are over three hundred and fifty (350) TWO MEN AND A TRUCK locations in forty-two (42) states within the United States licensed by Plaintiff, and there are over three thousand (3,000) moving trucks operating throughout the United States displaying the TWO MEN AND A TRUCK marks.

3. Each TWO MEN AND A TRUCK franchise is operated pursuant to a franchise agreement under which Plaintiff imposes certain obligations and retains certain rights to help ensure the protection of Plaintiff's service marks and the uniform quality of services provided by Plaintiff's franchisees in the TWO MEN AND A TRUCK franchise system.

TMIT v. Arcel Consent Motion to Approve and Enter Final Judgment and Permanent Injunction on Consent Exhibit A - Final Judgment and Permanent Injunction

2

4. Plaintiff has two franchised TWO MEN AND A TRUCK locations in the State of Montana, including a TWO MEN AND A TRUCK location serving Whitefish, Montana, and the surrounding area.

5. Plaintiff, itself or through its franchisees, has used the TWO MEN AND A TRUCK name and service mark, either standing alone or in combination with design elements, in connection with moving-related services since at least as early as 1988. Plaintiff's use of its TWO MEN AND A TRUCK name and service mark has been valid and continuous since the date of first use and has not been abandoned.

6. Plaintiff is the owner of the following federal service mark registrations for moving-related services:

   a. U.S. Trademark Reg. No. 1,953,964, issued by the United States Patent and Trademark Office ("USPTO") on February 6, 1996, for the mark TWO MEN AND A TRUCK & Design, depicted below, for "moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by the customers";



TMIT v. Arcel Consent Motion to Approve and Enter Final Judgment and Permanent Injunction on Consent Exhibit A - Final Judgment and Permanent Injunction

3

b. U.S. Trademark Reg. No. 2,020,083, issued by the USPTO on December 3, 1996, for the mark TWO MEN AND A TRUCK for "moving van services, namely providing movers and truck for local moves";

c. U.S. Trademark Reg. No. 2,217,107, issued by the USPTO on January 12, 1999, for the design mark depicted below, for "moving services, namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by the customers";



d. U.S. Trademark Reg. No. 3,996,814, issued by the USPTO on October 18, 2005, for the mark TWO MEN AND A TRUCK for "moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by the customers";

e. U.S. Trademark Reg. No. 3,006,815, issued by the USPTO on October 18, 2005, for the mark TWO MEN AND A TRUCK & Design, depicted below, for "moving services; namely, the provision

TMIT v. Arcel Consent Motion to Approve and Enter Final Judgment and Permanent Injunction on Consent Exhibit A - Final Judgment and Permanent Injunction

4

of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by the customers";

 TWO MEN AND A TRUCK

f. U.S. Trademark Reg. No. 4,340,844, issued by the USPTO on May 28, 2013, for the mark TWO MEN AND A TRUCK for "moving services, namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by the customers";

g. U.S. Trademark Reg. No. 4,340,843, issued by the USPTO on May 28, 2013, for the mark TWO MEN AND A TRUCK & Design, depicted below, for "moving services; namely, the provision of trucks and labor for packing, loading, delivery, and unloading of goods and driving of trucks rented by the customers";



7. All of the foregoing trademark registrations have become incontestable pursuant to the provisions of 15 U.S.C. § 1065 as the marks depicted

TMIT v. Arcel Consent Motion to Approve and Enter Final Judgment and Permanent Injunction on Consent Exhibit A - Final Judgment and Permanent Injunction

5

in those registrations have been in continuous use in commerce for more than five years and the required affidavits of use and incontestability have been filed with the U.S. Patent and Trademark Office. Plaintiff's marks referenced in Paragraph 6 above, and their common law equivalents, are collectively referred to herein as the "TWO MEN AND A TRUCK Mark."

8. As a consequence of the inherent distinctiveness of the TWO MEN AND A TRUCK Mark and by virtue of the long and continuous use and extensive promotion of that mark, the consuming public and the trade have come to recognize, and do recognize, Plaintiff's TWO MEN AND A TRUCK Mark as being used by Plaintiff or by a single source, and to associate and identify said mark with Plaintiff or with a single source. Plaintiff derives substantial goodwill and value from this identification by the consuming public and the trade.

9. Defendant Kevin Arcel is a resident of the State of Montana. Defendant is the owner of, and does business as, "2 Guys & a Truck," an unregistered business entity offering moving services in Whitefish, Montana and the surrounding area.

10. Defendant is not, and never has been, a TWO MEN AND A TRUCK franchisee or otherwise affiliated with Plaintiff.

11. Without Plaintiff's authorization, and despite Plaintiff's objections, Defendant operates a competing moving services business in and around

Whitefish, Montana using a confusingly similar imitation of the TWO MEN AND A TRUCK Mark; namely, "2 Guys & a Truck."

12. In connection with Defendant's competing moving services business, Defendant utilizes a logo, depicted below, that is a confusingly similar imitation of the design that Plaintiff has used since at least as early as 1991, both standing alone and in combination with its TWO MEN AND A TRUCK Mark.



13. The services Defendant offers are identical to and competitive with the services offered by Plaintiff and its Whitefish, Montana franchisee, and those services are advertised and promoted using the same means utilized by Plaintiff and its Whitefish franchisee, and they are targeted to the same customers and potential customers, including those in and around the Whitefish, Montana area.

14. In connection with the advertising and promotion of his competing moving services business, Defendant has a Facebook page utilizing the confusingly similar name "2 Guys & a Truck of Montana" as his social media handle, along

TMIT v. Arcel Consent Motion to Approve and Enter Final Judgment and Permanent Injunction on Consent Exhibit A - Final Judgment and Permanent Injunction

7

with Defendant's confusingly similar logo as his profile picture.

15. Defendant also promotes his competing moving services business by regularly posting advertisements on Craigslist.com with the following headline: "2 Guys & A Truck – Longest & Best on Craigslist – Your Best Move ! (Entire Flathead Valley)."

16. Defendant also promotes his competing "2 Guys & A Truck" moving services business through online telephone directories.

17. Defendant also promotes his competing moving services business by distributing business cards featuring his confusingly similar "2 Guys & a Truck" name and confusingly similar logo.

18. Defendant's unauthorized use of a confusingly similar imitation of the TWO MEN AND A TRUCK Mark has caused consumers to mistakenly believe that Defendant and/or his moving services business are affiliated or associated with or are licensed or endorsed by Plaintiff.

19. Defendant's use of a confusingly similar imitation of the TWO MEN AND A TRUCK Mark in connection with Defendant's moving services business has caused multiple instances of actual confusion, in the form of misdirected telephone calls, as to the source, sponsorship, or affiliation of Defendant's business and services with Plaintiff.

20. On August 29, 2017, Plaintiff commenced the above-captioned action

**TMIT v. Arcel Consent Motion to Approve and Enter Final Judgment and Permanent Injunction on Consent Exhibit A - Final Judgment and Permanent Injunction**

8

(the "Civil Action") by filing a Complaint against Defendant. The Complaint alleged claims for trademark infringement, unfair competition, false designation of origin, and false or misleading representations of fact arising under Sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125, and unfair competition and trademark infringement arising under the common law of the State of Montana

21. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Plaintiff's related common law claims under 28 U.S.C. §§ 1338 and 1367.

22. This Court has personal jurisdiction over Defendant because Defendant resides in the State of Montana, does business in this State, has engaged in acts or omissions within this State causing injury, and has otherwise established contacts with this State making the exercise of personal jurisdiction proper.

23. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this District, and a substantial part of the events or omissions giving rise to the action occurred in this District.

### PERMANENT INJUNCTION ORDER

Based on the parties' stipulation and agreement hereto, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** as follows:

TMIT v. Arcel Consent Motion to Approve and Enter Final Judgment
and Permanent Injunction on Consent Exhibit A - Final Judgment
and Permanent Injunction

9

1. Not later than ten (10) calendar days after the entry of this Consent Judgment, Defendant shall permanently remove and delete all advertisements—including advertisements on social media, Craigslist, or on search engines—that include the term "2 Guys & a Truck," or similar imitations thereof, and shall deliver up for destruction all labels, signs, packages, receptacles, business cards, invoices, promotional materials or the like in the possession, custody, or control of Defendant that infringe Plaintiff's TWO MEN AND A TRUCK Mark, including without limitation the designation "2 Guys & a Truck" and Defendant's associated logo, and similar imitations thereof.

2. Defendant and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, pursuant to the powers granted to this Court by 15 U.S.C. § 1116 and relevant state statutes, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

   a. using the designation "2 Guys & a Truck" or the associated logo, or any other confusingly similar imitation of Plaintiff's TWO MEN AND A TRUCK Mark, in connection with Defendant's business or services, including the advertising of those services—including advertising on social, search engines, and Craigslist, through online or

TMIT v. Arcel Consent Motion to Approve and Enter Final Judgment and Permanent Injunction on Consent Exhibit A - Final Judgment and Permanent Injunction

10

print directories, or through the purchase of search engine keywords containing "two men," "two guys," "and a truck," or imitations thereof—and from using any of the above-referenced marks or designations within the phrase "formerly known as . . ."; and

b. using any trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, of Plaintiff, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendant's business or services are the business or services of Plaintiff, or are sponsored by or in any way related to Plaintiff.

3. Defendant agrees to work diligently and cooperate in good faith with Plaintiff and any of its designees to eliminate any published or electronic telephone or Internet listings, or any other published or Internet advertisements, that include the name, mark, or designation "2 Guys & a Truck," or similar imitations thereof, in connection with Defendant's business or services. By way of example and not limitation, Defendant shall promptly provide, upon the request of Plaintiff, a written statement consenting to the removal of any such electronic telephone or Internet listing, including those that may come to Plaintiff's attention after the entry of this Consent Judgment.

4. Plaintiff and Defendant acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. Plaintiff and Defendant understand the undertakings, obligations, and terms of this Consent Judgment.

5. This Consent Judgment shall be binding upon and inure to the benefit of the parties hereto and their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, licensees, manufacturers, and distributors, and their officers, directors, shareholders, servants, employees, attorneys, and agents, or any committee or other arrangement of creditors organized with respect to the affairs of any party.

6. Except as to Defendant's obligations set forth in this Consent Judgment, each party's claims against the other that were raised or could have been raised in this Civil Action are hereby dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Defendant hereby waives all rights to appeal from this Consent Judgment.

7. This Court shall retain jurisdiction over this matter to enforce a violation of this Consent Judgment's terms. If any such violation occurs, the Court shall award: (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiff for such breach; (b) injunctive relief

TMIT v. Arcel Consent Motion to Approve and Enter Final Judgment and Permanent Injunction on Consent Exhibit A - Final Judgment and Permanent Injunction

12

enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs, and disbursements incurred by Plaintiff in connection with the violation, as determined by the Court; and such other relief as the Court deems just and proper.

This the 1st day of December 2017.

*Order 12-1-2017*

_____
United States District Judge

*as modified by separate order.*

**CONSENTED AND AGREED TO:**

**PLAINTIFF:**

_____
**Two Men and a Truck/International, Inc.**
By: Brant Hartle
Title: CFO
Date: 11/29/2017

**DEFENDANT**

_____
**Kevin Arcel d/b/a 2 Guys & a Truck**
Date: 11/28/17

TMIT v. Arcel Consent Motion to Approve and Enter Final Judgment and Permanent Injunction on Consent Exhibit A - Final Judgment and Permanent Injunction

13